IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

WILLIAM ABBOTT, et al.,

        Plaintiffs,

v.                                  CIVIL ACTION NO.   2:12-cv-00243

AMERICAN ELECTRIC POWER, INC., et al.,

        Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the plaintiffs' Motion to Certify this Action as a Class Action Under Rule 23 of the Federal Rules of Civil Procedure [Docket 14]. For the reasons discussed below, the Motion for Class Certification is **DENIED** and the court **ORDERS** this case remanded to the Circuit Court of Logan County, West Virginia. The defendant's Motion to Dismiss the Complaint [Docket 5] is **DENIED as moot**.

**I.**      **Background**

    **A.**      *Facts*

This case arises out of a winter storm that occurred on December 18 and 19 of 2009, causing massive electrical outages throughout West Virginia. The plaintiffs were among those who lost power during the storm. (Mem. Supp. Mot. to Certify Class [Docket 15], at 2.) The plaintiffs claim that the defendant Appalachian Power Company ("APC") was "negligent in the maintenance of its transmission and distribution lines," which lead to more widespread power outages than otherwise would have occurred. (*Id.*) Specifically, the plaintiffs claim that APC

failed to properly clear "vegetation and trees around" the power lines and that this failure resulted in larger power outages. (*Id.*)

    B.   *Procedural History*

The plaintiffs initiated the instant suit by filing the Complaint in the Circuit Court of Logan County, West Virginia on December 19, 2011. APC removed the case to this court pursuant to Federal Rule of Civil Procedure § 1332(d)(2). The plaintiffs have filed a Motion to Certify this Action as a Class Action Under Rule 23 of the Federal Rules of Civil Procedure [Docket 14]. This Motion is now ripe for review.

## II.   Legal Standard for Class Certification

This court will address the plaintiff's Motion for Class Certification first because district courts generally rule on motions for class certification before addressing the merits of the claim. *See Muhammad v. Giant Food Inc.*, 108 Fed. Appx. 757, 762 (4th Cir. 2004) (unpublished); *Delebreau v. Bayview Loan Servicing, LLC*, 770 F. Supp. 2d 813, 818 (S.D. W. Va. 2011). Federal Rule of Civil Procedure 23 sets forth the standard for class certification in federal court. The plaintiff bears the burden of proof under Rule 23. *Thorn v. Jefferson-Pilot Life Ins. Co.*, 445 F.3d 311, 321 (4th Cir. 2006).

To be certified as a class action, the proposed class must satisfy Rule 23(a)'s four prerequisites and satisfy at least one subsection of Rule 23(b). The four prerequisites of Rule 23(a) are:

> (1) the class is so numerous that joinder of all members is impractical;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

FED. R. CIV. P. 23(a).

In addition to meeting the four Rule 23(a) requirements, a class action must meet one of the categories of class actions enumerated in Rule 23(b). The plaintiffs in this case are seeking to proceed pursuant to Rule 23(b)(3). (Mem. Reply to Def.'s Resp. to Mot. to Certify Class [Docket 21], at 12.) Rule 23(b)(3) requires a court to find that "questions of law or fact common to class members predominate over any questions affecting only individual members" and that a "class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3). Rule 23(b)(3) also articulates factors that a court must consider when making its determination. These factors are:

> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and
> (D) the likely difficulties in managing a class action.

FED. R. CIV. P. 23(b)(3). The predominance standard articulated in Rule 23(b)(3) is a higher standard than Rule 23(a)'s commonality standard. *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 147 n.4 (4th Cir. 2001).

### III. Legal Analysis

    a. *Rule 23(a) Requirements*

        1. *Numerosity*

The parties do not dispute that the proposed class satisfies the numerosity requirement. The potential class could be as large as 200,000 customers. The court agrees that the proposed class is so numerous that the joinder of all members would be impractical.

2.   *Commonality*

The Fourth Circuit has held that "[i]n a class action brought under Rule 23(b)(3), the 'commonality' requirement [of Rule 23(a)(2)] is subsumed under, or superseded by, the more stringent Rule 23(b)(3) requirement that questions common to the 'predominate over' other questions." *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 147 n.4 (4th Cir. 2001) (citing *Amchem. Prods., Inc. v. Windsor*, 521 U.S. 591, 609 (1997)). This court has followed that approach in *In re Serzone Products Liability Litigation*, 231 F.R.D. 221 (S.D. W. Va. 2005), and in *In re Digitek Products Liability Litigation*, MDL No. 2:08-cv-01968, 2010 WL 2102330 (S.D. W. Va. May 25, 2010). The court will do the same here and leaves this factor for discussion later.

3.   *Typicality*

Rule 23(a) next requires that the court examine whether the claims of the purported representatives are typical of rank-and-file potential class members. The typicality requirement is a result of the nature of a class action, "which is 'designed as an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only,' [and] allows named parties to represent absent class members when, *inter alia*, the representative parties' claims are *typical* of the claims of every class member." *Deiter v. Microsoft Corp.*, 436 F.3d 461, 466 (4th Cir. 2006) (quoting *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 155 (1982)) (internal citation omitted) (emphasis in original).

"A sufficient nexus is established [to show typicality] if the claims or defenses of the class and class representatives arise from the same event or pattern or practice and are based on the same legal theory." *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 686 (S.D. Fla.

2004) (quoting *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1337 (11th Cir. 1984)).

The Fourth Circuit has explained the typicality requirement, stating:

> "[T]he named plaintiff's claim and the class claims [must be] so interrelated that the interests of the class members will be fairly and adequately protected in their absence." *Gen. Tel. Co. of Southwest v. Falcon*, 457 U.S. 147, 157 (1982). The essence of the typicality requirement is captured by the notion that "as goes the claim of the named plaintiff, so go the claims of the class." *Broussard v. Meineke Discount Muffler Shops, Inc.*, 155 F.3d 331, 340 (4th Cir. 1998).

*Deiter*, 436 F.3d at 466. When conducting a typicality analysis, a court must examine the "elements of plaintiffs' *prima facie* case and the facts on which the plaintiff would necessarily rely to prove it." *Id*. at 467. Then the court must examine whether the facts of the plaintiffs' case also prove the claims of the proposed class members. *Id*.

In this case, the facts of the named plaintiffs' case do not establish claims for the absent class members. As discussed below, the elements of causation and damages must be proven separately for each plaintiff. The facts that could prove causation vary for each plaintiff, and every case will require a separate analysis to determine whether the alleged negligence of APC resulted in the plaintiff's purported damages. Additionally, proof of damages will be different for each plaintiff, so the facts proving damages for a named plaintiff will not establish damages for other purported class members. Thus, the named class members do not satisfy Rule 23(a)'s typicality requirement because the facts needed to establish their individual claims do not prove those of the proposed class members.

    4.    *Adequacy of Representation*

The defendant raises detailed arguments concerning the representatives' suitability. The court shares these concerns but is willing to assume this factor is satisfied without extensive analysis because, as discussed below, the plaintiffs cannot satisfy Rule 23(b)(3).

b.      *Rule 23(b)(3) Analysis*

1.      *Predominance*

The parties dispute whether this action satisfies Rule 23(b)(3)'s predominance standard. The plaintiffs argue that the standard is satisfied because this case arises from a single snowstorm and because they are bringing the claims against a single defendant. (Mem. Reply to Def.'s Resp. to Mot. to Certify Class [Docket 21], at 13.) The plaintiffs also argue that the claims of those in the purported class are similar because they seek damages for "loss of food and supplies, relocation to temporary living quarters, purchase of alternative fuels for heating and cooking and damages to appliances that were caused by an electrical surge when the electrical service was restored." (*Id.*) The plaintiffs have identified common questions of law and fact that predominate the instant action. According to the plaintiffs, these questions are: (1) "Was the defendant negligent?"; (2) "Was the Defendant's negligence the proximate cause of the power outage?"; (3) "Were the damages sustained by the Plaintiffs reasonable and necessarily incurred and were the damages the proximate result of the Defendant's negligence?" (Mem. Supp. Mot. to Certify Class Action [Docket 15], at 3.)

In response, APC asserts that the plaintiffs' case does not satisfy Rule 23(b)(3)'s predominance requirement. APC argues that the elements of a negligence action will have to be proven separately for each class member and that the plaintiffs cannot show that "essential elements of their claims can be proven on a class-wide basis." (Def.'s Resp. to Pls.' Mot. to Certify Class [Docket 19], at 11.) Specifically, APC argues that there will have to be a separate trial for each individual class member on the issues of liability and damages and that those issues cannot be subject to a class-wide adjudication. (*Id.* at 12.)

The common issues listed by the plaintiffs are either drawn too broadly or not actually common issues of law or fact. This problem is especially acute on the causation and damages elements of the plaintiffs' negligence claim. While APC may owe a duty to all its customers, common questions of law or fact do not predominate in this case because the issues of causation and damages will require highly individualized determinations. Courts in other states have encountered such claims and, while the cases are not controlling, this court finds their reasoning to be instructive and compelling. *See, e.g.*, *Von Nessi v. XM Satellite Radio Holdings, Inc.*, No. 07-2820, 2008 WL 4447115, at *1 (D.N.J. Sept. 26, 2008) ("By way of observation, there are few class actions for service disruptions or outages filed against utilities. Generally, such disruptions require a showing of negligence and that the consequential damages are specific to the individual suing); *Brown v. New Orleans Pub. Serv., Inc.*, 506 So.2d 621, 623 (La. App. 4 Cir. 1987); *LaFleur v. Entergy, Inc.*, 737 So.2d 761, 765-66 (La. App. 3 Cir. 1998); *Muise v. GPU, Inc.*, 851 A.2d 799, 816-19 (N.J. Super. Ct. App. Div. 2004); *Entergy Gulf States v. Butler*, 25 S.W.3d 359, 363 (Tx. Ct. App. 2000).

One common question proposed by the plaintiffs is whether "the Defendant's negligence is the proximate cause of the power outage." However, this question is not capable of a class-wide determination. Although a single snowstorm affected West Virginia on December 18 and 19 of 2009, each plaintiff's claim will require an individualized causation analysis. When examining the causation element in class actions against a public utility, courts have generally found that a power outage cannot be viewed as a single event that is the result of a single cause. Outages in customers' homes may be caused by factors other than the power company's alleged negligence.

This makes a class-wide causation analysis impossible and requires the court to make individualized causation determinations for each customer's claim.

To establish that APC's allegedly negligent actions resulted in the individual customer's harm, each customer will be required to demonstrate that the "'offending' tree" that damaged him or her was under APC's "jurisdiction." *Cf. LaFleur*, 737 So.2d at 765. Various factors unrelated to APC's purported negligence could have caused the outage for each individual customer. A causation analysis based on specific facts will be required for each putative class member to link the damage he or she allegedly sustained with APC's alleged negligence. This analysis could not be performed on a class-wide basis because it will require specific evidence based on what occurred at each customer's residence.

In addition to the individualized determinations discussed above, the court is also unable to conduct a class-wide causation analysis because every claim will require a contributory negligence analysis and this analysis will be unique to each plaintiff. Thus, it is clear that the nature of power outages and the elements of a negligence action prohibit the court from conducting a class-wide causation analysis and mandate individual determinations for each plaintiff.

The plaintiffs also argue that the question of whether "damages sustained by the Plaintiffs" were "reasonable and necessarily incurred" is a common question among all claims. Courts have cautioned that class certification may not be denied merely because claims will require individualized damage evaluations. *Kay Co. v. Equitable Prod. Co.*, No. 2:06-cv-00612, 2010 WL 1734869, at *5 (S.D. W. Va. Apr. 28, 2010). However, the need for individualized damage determinations weighs against class certification when the court will be required to conduct thousands of individual determinations that will require "highly individualized . . . proof of injury

and damages." *See Windham v. Am. Brands, Inc.*, 565 F.2d 59, 66 (4th Cir. 1977). In this case, the potential class could be as large as 200,000 people because that is the estimated number of people who lost power during the winter storm. Each customer could potentially have incurred different injuries from the storm and will be required to present individualized proof of damages. Faced with the potential for thousands of individual damage trials, it is clear that the issue of damages is not common among the plaintiffs.

In sum, the court **FINDS** that Rule 23(b)(3)'s predominance requirement is not satisfied because common issues of law or fact do not predominate in this action. Each claim will require separate proof of causation, damages, and contributory negligence making class-wide determinations on essential elements of a negligence action impossible. The need for separate facts to establish each claim makes it clear that common issues of law or fact do not predominate.

    2.    *Superiority*

The court does not need to discuss Rule 23(b)(3)'s superiority requirement at length. Individual issues predominate in this action over common issues of law or fact. While the court acknowledges that the individual claims may present some common questions that could be resolved using the class device, many questions are not susceptible to class-wide resolution. Because individual issues will predominate in this matter, those individualized determinations will overwhelm the common questions. Thus, the court **FINDS** that the class action format is not the superior method to address the plaintiffs' claims.

**IV.**   **Conclusion**

The court concludes that the plaintiffs have failed to carry their burden under Rule 23. The only requirement of Rule 23(a) that the plaintiffs conclusively established was numerosity.

But the real problem with the class action format is apparent when the Rule 23(b)(3) analysis is performed. Common issues of law or fact do not predominate over individualized ones and a class action is not the superior method of evaluating the plaintiffs' claims. Accordingly, the plaintiffs' Motion for Class Certification is **DENIED**.

Because the court denies the plaintiffs' Motion for Class Certification and this case was removed pursuant to 28 U.S.C. § 1332(d)(2), the court also **FINDS** that it does not have subject matter jurisdiction over the instant case and **ORDERS** the case remanded to the Circuit Court of Logan County, West Virginia.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 8, 2012

_____
Joseph R. Goodwin, Chief Judge